**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   PAUL BOSCHETTO,                    No   C-06-1390 VRW

12           Plaintiff,                      ORDER

13           v

14   JEFFREY D HANSING, FRANK BOUCHER
     CHRYSLER DODGE-JEEP, GORDIE
15   BOUCHER FORD and BOUCHER
     AUTOMOTIVE GROUP,
16
             Defendants.
17
     _____/
18

19           The complaint alleges a scenario that as far as the court

20   can discern has been little dealt with in the published case law

21   but which is bound to recur, perhaps with some frequency, in the

22   years ahead.  Plaintiff Paul Boschetto, a California resident,

23   brought this diversity action against Wisconsin resident Jeffrey D

24   Hansing and various Wisconsin car dealerships, Doc #1 (Compl), ¶¶

25   1-4, alleging, inter alia, that Hansing committed breach of

26   contract and fraud by selling plaintiff a defective 1964 Ford

27   Galaxie in an Internet auction on eBay.com.  Hansing and the

28   Wisconsin dealerships have separately moved to dismiss this case

United States District Court

For the Northern District of California

under FRCP 12(b)(2) for lack of personal jurisdiction.  Doc ##4, 9. For the reasons stated below, the court GRANTS both motions.

I

On August 1, 2005, plaintiff alleges that Hansing posted a 1964 Ford Galaxie for auction on eBay.com and that Hansing advertised the car as an "R Code" in "awesome condition," "recently rebuilt" and "ready to be driven."  Compl, ¶ 6.  Plaintiff contends that he relied on this description when submitting a bid of $34,106 and that eBay later notified him that his bid had succeeded.  Id, ¶¶ 7, 8.  After plaintiff paid for the car, Hansing instructed him by email that he could pick it up from Frank Boucher Chrysler Dodge Jeep, the Wisconsin dealership where Hansing worked.  Id, ¶¶ 5, 10. Frank Boucher Chrysler Dodge Jeep and the other defendant dealerships apparently constitute a single automotive group.  Doc #9-2, ¶ 2.  Plaintiff hired a delivery company to transport the vehicle to California and received it on September 15, 2005. Compl, ¶¶ 11-12.  Plaintiff then discovered that the vehicle was defective and was not an "R Code" as advertised.  Id, ¶ 12.

II

A plaintiff has the burden of establishing that the court has personal jurisdiction over a defendant.  Doe v Unocal Corp, 248 F3d 915, 922 (9th Cir 2001).  In assessing a plaintiff's showing, the court may consider evidence presented in affidavits and other evidence procured during discovery.  But when the court acts on the motion without holding an evidentiary hearing, as here, the plaintiff need only make a prima facie showing of jurisdictional

2

facts to withstand the motion to dismiss.  Id.  When not directly controverted, plaintiff's version of the facts must be taken as true and conflicts between the facts contained in the parties' affidavits should be resolved in favor of plaintiff.  Id.  The facts here are not in material dispute.

A federal court may exercise personal jurisdiction over a defendant when such jurisdiction comports with the law of the state in which the court sits and with the requirements of due process. Lee v City of Los Angeles, 250 F3d 668, 692 (9th Cir 2001). "California [law] permits the exercise of personal jurisdiction to the full extent permitted by due process."  Bancroft & Masters, Inc v Augusta Natl, Inc, 223 F3d 1082, 1086 (9th Cir 2000); Cal Code Civ Pro § 410.10.  Due process requires a defendant to have certain minimum contacts with the forum state so that permitting the suit would not offend "traditional notions of fair play and substantial justice."  International Shoe Co v Washington, 326 US 310, 316 (1945) (quoting Milliken v Meyer, 311 US 457, 463 (1940)) (internal quotation marks omitted).  A defendant's "conduct and connection with the forum state" must be such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen v Woodson, 444 US 286, 297 (1980).

General jurisdiction is a type of personal jurisdiction that exists when a defendant has substantial or continuous and systematic contacts with the forum state.  Bancroft & Masters, 223 F3d at 1086.  When such contacts exist, a defendant may be haled into court in that state "in any action, even if the action is unrelated to those contacts."  Id.  The standard for establishing general jurisdiction is "'fairly high,' and requires that the

United States District Court
For the Northern District of California

defendant's contacts be of the sort that approximate physical presence."  Id (quoting Brand v Menlove Dodge, 796 F2d 1070, 1073 (9th Cir 1986)) (citation omitted).

Absent general jurisdiction, a court still may exercise specific jurisdiction.  The Ninth Circuit has established a three-prong test for establishing specific jurisdiction:

>    (1)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
>    (2)   [T]he claim must be one which arises out of or relates to the defendant's forum related activities; and
>
>    (3)   [T]he exercise of jurisdiction must comport with fair play and substantial justice, i e it must be reasonable.

Schwarzenegger v Fred Martin Motor Co, 374 F3d 797, 802 (9th Cir 2003).  Although plaintiff bears the burden of establishing the first two prongs, defendant bears the burden on the third prong. See id.

### A

Plaintiff argues the court may have general jurisdiction over Hansing if discovery shows that he previously sold other cars to California residents.  Doc #17-1 at 5.  Although plaintiff does not contest the Wisconsin dealerships' assertions that they are not incorporated in California and have never sold an automobile there (Doc #9-2, ¶¶ 4, 11), he nonetheless suggests that the dealerships' website might be sufficient to establish general jurisdiction over them.  Doc #16-1 at 6.

4

**United States District Court**

For the Northern District of California

1    Plaintiff's general jurisdiction arguments fail to

2 persuade.  Plaintiff admits that he "has no direct knowledge"

3 whether either the Dealership or Hansing have 'continuing or

4 systematic' contacts with the State of California."  Id.  Even if

5 plaintiff could demonstrate past sales by Hansing to California,

6 occasional sales to California residents are insufficient to create

7 general jurisdiction.  See Brand, 796 F2d at 1073.  And plaintiff

8 has not marshaled any evidence to contest the Wisconsin

9 dealerships' assertion that they have never conducted any business

10 in California via their website.  Doc #9-2, ¶ 11.  Accordingly,

11 plaintiff has not satisfied the fairly high burden for establishing

12 general jurisdiction.

13                                  B

14    Plaintiff's better argument, of course, is that the court

15 may exercise specific jurisdiction over Hansing because he

16 contracted to sell a car to a California resident.  Doc #17-1 at 6.

17 Further, plaintiff asserts that Hansing acted as the Wisconsin

18 dealerships' agent and employee in selling the car, thereby

19 permitting the court to exercise jurisdiction over them.  Doc #16-1

20 at 8; Compl, ¶ 5.  Hansing's actions form the only asserted basis

21 for exercising specific jurisdiction over the Wisconsin

22 dealerships.  This argument need not long detain us.  Even if

23 Hansing acted as an agent, which the dealerships dispute, he did

24 not as will presently be explained, purposefully direct his actions

25 toward California.  Without that showing, the court cannot exercise

26 jurisdiction over the Wisconsin dealerships.

27 //

28 //

                                  5

United States District Court

For the Northern District of California

1    Plaintiff argues that the Ninth Circuit's decision in
2  Data Disc, Inc v Systems Technology Associates, 557 F2d 1280 (9th
3  Cir 1977), militates in favor of finding personal jurisdiction over
4  Hansing.  Doc #17-1 at 6.  But Data Disc is hardly instructive
5  here.  In that case, the court found personal jurisdiction because
6  "at least some of the negotiations took place at the Data Disc
7  plant in Sunnyvale, California * * *."  Id at 1284.  To the
8  contrary here, negotiations in this case took place only over the
9  Internet and never physically occurred in California.
10    The parties do not indicate, nor has the court
11  discovered, any California or Ninth Circuit case law addressing the
12  propriety of exercising specific jurisdiction over a nonresident
13  defendant based on a single online auction sale to a resident of
14  the forum state.  But generally, "the likelihood that personal
15  jurisdiction can be constitutionally exercised [over an entity with
16  a website] is directly proportionate to the nature and quality of
17  commercial activity that [the] entity conducts over the Internet."
18  Cybersell, Inc v Cybersell, Inc, 130 F3d 414, 419 (9th Cir 1997)
19  (quoting Zippo Mfg Co v Zippo Dot Com, Inc, 952 F Supp 1119, 1124
20  (WD Pa 1997)).  This activity ranges from "a broad spectrum of
21  Internet use on the one hand, and contacts with the forum on the
22  other."  Id at 417.  Here, of course, the issue is not whether the
23  court has personal jurisdiction over the intermediary eBay but
24  whether it has personal jurisdiction over an individual who
25  conducted business over eBay.  Nonetheless, Cybersell provides a
26  useful framework for determining whether Hansing's use of eBay
27  constitutes sufficient minimum contacts with California to justify
28  exercising personal jurisdiction.

6

United States District Court

For the Northern District of California

In defining whether the defendant had sufficient minimum "contacts with the forum," Cybersell relies on CompuServe, Inc v Patterson, 89 F3d 1257 (6th Cir 1996).  There, the Sixth Circuit found jurisdiction over defendant Patterson proper because he "electronically transmitted thirty-two master software files to CompuServe, which CompuServe stored and displayed to its subscribers. * * * In effect, Patterson used CompuServe as a distribution center to market his software."  Cybersell, 130 F3d at 417 (summarizing CompuServe, 89 F3d at 1264). Additionally, the relationship "was intended to be ongoing in nature; it was not a 'one-shot affair.'"  Compuserve, 89 F3d at 1265.

In the present case, Hansing's contacts with the forum state are not nearly as repetitive or comprehensive as were Patterson's contacts in Compuserve.  Although Hansing used eBay to market the automobile, eBay acted not as a "distribution center" but rather as a virtual forum for the exchange of goods.  And the relationship between plaintiff and Hansing was exactly a "one-shot affair."  While eBay is headquartered in California, this contact is irrelevant because this dispute only involves two eBay users and not eBay itself.

Exercising personal jurisdiction would be improper here because Hansing's actions were not purposefully directed at the forum state.  Auction sales on eBay are "random" and "attenuated," and "the choice of [the] highest bidder is * * * beyond the control of the seller;" hence, an overwhelming majority of courts have held that an eBay seller does not purposefully avail himself of the privilege of doing business in a forum state absent some additional conduct directed at the forum state.  See The Winfield Collection,

United States District Court

For the Northern District of California

<u>Ltd v McCauley</u>, 105 F Supp 2d 746, 749 (ED Mich 2000); <u>Metcalf v Lawson</u>, 802 A 2d 1221 (NH 2002) (finding no personal jurisdiction over an eBay seller with no control over the ultimate winner and no ability to exclude buyers from specific jurisdictions); <u>Karstetter v Voss</u>, 184 SW 3d 396 (Tex Ct App 2006) (finding no personal jurisdiction over an eBay seller who rejected a buyer's offer to preempt the auction and instead let the bidding process conclude), <u>Action Tapes, Inc v Ebert</u>, 2006 US Dist LEXIS 4958 (ND Tex 2006) (finding no personal jurisdiction over an eBay seller where the traditional auction process was not altered or circumvented in any manner); <u>United Cutlery Corp v NFZ, Inc</u>, 2003 US Dist LEXIS 21664 (D Md 2003) (finding no personal jurisdiction over an eBay seller whose manifested intent was to sell to the highest bidder).

Although research did indicate two opinions that diverge from the prevailing view, their analyses do not persuade the court. In <u>Malcolm v Esposito</u>, the dispute arose from a single eBay sale to a Virginia resident.  63 Va Cir 440, 446 (Va Cir Ct 2003). Nonetheless, the court found jurisdiction proper because defendants were commercial sellers with 213 sales on eBay and who represented that they had local, national and international eBay customers. Id.

This case is distinguishable because plaintiff does not allege that Hansing or the Wisconsin dealerships conducted business over eBay with any frequency.  To the contrary, plaintiff marshaled no evidence to contest the dealerships' assertion that they have never conducted business in California via the Internet.  Doc #9-2, ¶ 11.

//

8

United States District Court

For the Northern District of California

In <u>Tindall v One 1973 Ford Mustang</u>, the dispute again arose from a single eBay sale.  2006 WL 1329168, *1 (ED Mich 2006).  The court found jurisdiction proper because in "selling the car to a Michigan resident, Defendants have transacted business in the state, giving this Court personal jurisdiction over them * * *."  Id at *4.

While more factually analogous to this case, <u>Tindall</u> is not persuasive because the court provided no reasoning to support its aforementioned conclusion.  While other courts at least recognize that the Internet and particularly an eBay transaction may alter the jurisdictional analysis, the <u>Tindall</u> court seemingly analogized the situation to a "phone call or written correspondence to the forum."  Id (quoting <u>General Motors Corp v Ignacio Lopez de Arriortua</u>, 948 F Supp 656, 663 (ED Mich 1996)).  The analogy is flawed because phone calls and written correspondence by nature must be specifically targeted to a resident of the forum, while an advertisement on eBay lacks such focus.

Looking to whether Hansing engaged in some additional conduct directed at the forum, the court finds that plaintiff has alleged none.  Only after the auction and alleged fraud had been committed did Hansing learn that the car was California-bound and did he email plaintiff regarding delivery.  Accordingly, the "nature and quality" of Hansing's conduct over the Internet are insufficient to permit exercising personal jurisdiction in California.  Significantly, plaintiff -- not Hansing -- made the arrangements for pick-up of the vehicle in Wisconsin and dispatched the shipper to that state.  Unlike the usual eBay transaction in which the seller arranges for shipment and sets in motion the

United States District Court

For the Northern District of California

events that land the product in the buyer's locale, this case is different.

This fact alone, although important enough, does not warrant finding that the court lacks personal jurisdiction over Hansing.  Perhaps a greater significance lies in what too easy a test of personal jurisdiction could do to Internet commerce of the kind involved here.  Assume an eBay seller would be subject to personal jurisdiction simply by consigning an item to eBay that is bought by some denizen of a faraway forum.  The friction on e-commerce of such a rule would slow the flow of transactions -- perhaps significantly.  No doubt, Boschetto suffers considerable inconvenience in going to Wisconsin to assert his claim.  But he bought the car knowing it was in Wisconsin and chose to do so without an inspection by himself or a third party who could have been engaged for that purpose.  Under the facts here, due process suffers no offense by holding that this court lacks personal jurisdiction over defendants.

C

Plaintiff alternatively requests that "limited discovery be allowed to determine whether Hansing had sufficient contacts to form the basis for jurisdiction" (Doc #17-1 at 7-8) and "to determine whether Hansing was acting as either the actual or ostensible agent for [the] dealership" (Doc #16-1 at 9).  The court has broad discretion to permit or deny discovery to determine whether personal jurisdiction exists.  See Data Disc, 557 F2d at 1285 n1.  Here, plaintiff merely speculates without any support that discovery might allow him to demonstrate that jurisdiction in
//

10

California is proper.  The court therefore DENIES plaintiff's request for discovery.

                                    III

        Accordingly, the court GRANTS Hansing's motion to dismiss (Doc #4) and the Wisconsin dealerships' motion to dismiss (Doc #9). The clerk is DIRECTED to CLOSE the file and TERMINATE all pending motions.

        IT IS SO ORDERED.

_____

VAUGHN R WALKER
United States District Chief Judge